UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LEZLIE BUTTON,

                        Plaintiff,          **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS**

                        -vs-                        24-CV-6739

NEW YORK STATE DEPARTMENT
OF TRANSPORTATION,

                        Defendant.

---

## I.    Facts Alleged in the Complaint

Plaintiff filed the instant suit under "Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq*.; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq*." (D.N. 1 ¶ 1).

Plaintiff alleges she is deaf and communicates primarily in American Sign Language, and that since November 20, 2006, she has been employed by the New York State Department of Transportation (hereinafter, "DOT"). (Id. ¶¶ 4, 15). She further alleges that on several occasions since 2018 she has been denied reasonable accommodation requests and/or qualified interpreters, including allegations pertaining to discrete incidents alleged to have occurred:

1. From 2018 to 2019 (Id. at 23)
2. On January 23, 2019 (Id. at 30)
3. On May 2, 2019 (Id. at 72)
4. In March of 2021 (Id. at 43-45)
5. On August 31, 2021 (Id. at 78)
6. On November 9, 2021 (Id. at 79)

Additionally, Plaintiff alleges that on May 4, 2023, she sent a reasonable accommodation request for video interpretation services and that on June 5, 2023, she sent a reasonable accommodation request asking "that her work environment be modified to allow for telecommuting" (Id. at 50-56). Plaintiff does not allege these requests were denied.

She does, however, allege that a June 27, 2024, reasonable accommodation request for an iPad was denied. (Id. at 57-65) Specifically, she alleges that she requested the iPad and was informed she had not received the proper approvals before filing the request for the technology. (Id.) Plaintiff concedes she was informed that the ticket would be reopened once she obtained the proper approvals. (Id.) Plaintiff does not allege that she ever obtained the approvals, or that she sought them and was denied. (Id.)

Plaintiff also alleges she was denied promotions she applied for beginning March 16, 2023. (Id. at 81).

Plaintiff alleges she filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") on or about August 16, 2023, and received a right-to-sue letter on September 29, 2024. (Id. at 118, 119). The Complaint does not append the letter, does not specify what conduct was alleged in the Charge of Discrimination, does not specify what conduct the EEOC determined was permitted to be the subject of suit, and does not specify which statutes the EEOC permitted Plaintiff to file suit under.

## II.  Standard of Review

A motion to dismiss for sovereign immunity under the Eleventh Amendment is properly brought pursuant to Rule 12(b)(1). The Eleventh Amendment precludes suits against states and their agencies unless the state expressly waives its immunity or Congress abrogates that immunity. Constantino-Gleason v. N.Y. Unified Court Sys., No. 21-CV-6327 (JLS), 2023 U.S. Dist. LEXIS 105307, at *18 (W.D.N.Y. June 16, 2023)(cleaned up).

"Federal courts are courts of limited jurisdiction, and Rule 12(b)(1) requires dismissal of an action when the district court lacks the statutory or constitutional power to adjudicate it." Schwartz v. Hitrons Sols., Inc., 397 F. Supp. 3d 357, 364 (S.D.N.Y. 2019) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). Gilliam v. N.Y. State Bd. of Law Exam'rs, 2024 U.S. Dist. LEXIS 148840, at *3-4 (S.D.N.Y. Aug. 19, 2024).

The standard of review for a motion to dismiss under Rule 12(b)(1) is substantively identical to the standard for a Rule 12(b)(6) motion. McNeil v. Yale Chptr., 2021 U.S. App. LEXIS 33750, at *2 (2d Cir. Nov. 15, 2021).

### III.     Argument

A. All Claims Alleged Under the ADA and NYSHRL Warrant Dismissal

The Eleventh Amendment bars suits against a state or a state agency brought under the NYSHRL. Gallagher v. Unified Court Sys., No. 3:18-CV-01476 (GTS/ML), 2024 U.S. Dist. LEXIS 39797, at *58 (N.D.N.Y. Mar. 7, 2024); accord Hover v. N.Y. State Office for People with Developmental Disabilities, No. 3:17-CV-895, 2018 U.S. Dist. LEXIS 101292, at *5-6 (N.D.N.Y. June 18, 2018). ("To the extent the Complaint could be construed as alleging a claim against OPWDD under the New York State Human Rights Law ("NYSHRL"), the claim is dismissed because it is also barred by the Eleventh Amendment.") citing Deadwiley v. New York State Office of Children & Family Servs., 97 F. Supp. 3d 110, 116 (E.D.N.Y. 2015)(dismissing plaintiff's NYSHRL claim as barred by the Eleventh Amendment); Jackson v. Battaglia, 63 F. Supp. 3d 214, 220 (N.D.N.Y. 2014)(dismissing plaintiff's NYSDHRL claims under the Eleventh Amendment).  Accordingly, Plaintiff's NYSHRL claims must be dismissed.

The Eleventh Amendment bars suits against a state or a state agency brought under Title 1 of the ADA. Yerdon v. Poitras, 120 F.4th 1150, 1153-54 (2d Cir. 2024)("it is well-established that Congress has not validly abrogated the states' sovereign immunity for claims arising under Title I [of the ADA]. Nor has New York waived its immunity. We therefore conclude that sovereign immunity bars Yerdon's Title I claims against the DMV.")(cleaned up). In this case, Plaintiff alleges she received a right-to-sue letter from the EEOC, which may potentially alleviate these concerns, but she does not append the letter, describe the conduct the EEOC permitted her to file suit for, or name the statutes the EEOC permitted Plaintiff to file suit under.  Merely because the EEOC permitted Plaintiff to file suit on some grounds does not mean the EEOC permitted Plaintiff to sue on the grounds she is claiming in this suit. Absent any such representation, Plaintiff has failed to establish a waiver of sovereign immunity, and all claims under the ADA are barred by the Eleventh Amendment.

In the alternative, all claims under the ADA and NYHRL which accrued prior to October 20, 2022, warrant dismissal. The EEOC is only empowered to issue a right-to sue letter for conduct occurring in the 300 days prior to the conduct alleged. Troeger v. Ellenville Cent. Sch. Dist., 523 F. App'x. 848, 851 (2d Cir. 2013) ("It is undisputed that a claimant pursuing claims under the ADA must file charges with the EEOC within 300 days of the purportedly unlawful acts.") While the statute of limitations under the NYSHRL is three years, absent a valid ADA claim, the Court lacks supplemental jurisdiction to hear the NYSHRL claim. De La Cruz v. A.T.N. Inc., No. 24-CV-6301(KAM)(AYS), 2024 U.S. Dist. LEXIS 173766, at *1 (E.D.N.Y. Sep. 25, 2024). Because Plaintiff alleges she filed her complaint with the EEOC on or about August 16, 2023, any claims accruing prior to October 20, 2022, cannot have been permitted in the right-to-sue letter. Accordingly, the Court lacks subject matter jurisdiction over these claims, and they must be dismissed.

For the above reasons, the Court should dismiss all claims under the ADA and NYSHRL. In the alternative, the Court should dismiss all ADA and NYSHRL claims accruing prior to October 20, 2022.

B.  Claims and Damages Under the Rehabilitation Act are Limited

Claims under the Rehabilitation Act against a state agency that receives federal funds are permitted in federal court. T.W. v. N.Y. State Bd. of Law Exam'rs, 996 F.3d 87, 97 (2d Cir. 2021) ("Congress intended the Rehabilitation Act to have broad reach, amending the statute to make clear that discrimination is prohibited throughout *entire* agencies or institutions if any part receives Federal financial assistance.")(emphasis original).

However, damages under the Rehabilitation Act are limited to the usual remedies available to contracting parties in a private suit; punitive damages and damages for emotional distress are not available. Doherty v. Bice, 101 F.4th 169, 174 (2d Cir. 2024)(holding emotional damages unavailable under the ADA and Rehabilitation Acts, and noting "As a rule, a funding recipient… will be subject to the *usual* contract remedies in private suits, which include compensatory damages and injunctive relief, but exclude, for example, punitive damages.")(citing Cummings v. Premier Rehab Keller, P.L.L.C., 596 U.S. 212, 142 (2022)(emphasis original).

Plaintiff seeks punitive damages. (D.N. 1 p. 21). Plaintiff also repeatedly references emotional distress. (Id. ¶¶ 107, 110, 113). As the Second Circuit has explicitly held, Plaintiff should not be allowed to seek punitive or emotional damages in connection with her Rehabilitation Act claims.

Additionally, the statute of limitations under the Rehabilitation Act is three years. <u>Lombardi v. Choices Women's Med. Ctr., Inc.</u>, No. 15 CV 5542 (DLI) (CLP), 2017 U.S. Dist. LEXIS 11935, at *9 (E.D.N.Y. Jan. 26, 2017). Plaintiff filed the instant suit on December 20, 2024. Accordingly, any causes of action accruing prior December 20, 2021, warrant dismissal.

For the above reasons, the Court should dismiss all claims under the Rehabilitation Act accruing prior to December 20, 2021, and bar Plaintiff from receiving punitive or emotional damages for all claims under the Rehabilitation Act.

## IV. The Reasonable Accommodation Claims Warrant Dismissal

Plaintiff alleges that on May 4, 2023, she sent a reasonable accommodation request for video interpretation services and that on June 5, 2023, she sent a reasonable accommodation request asking "that her work environment be modified to allow for telecommuting" (D.N. 1 at ¶¶ 50-56). Plaintiff does not allege these requests were denied or that she did not receive the accommodations she requested. Absent such allegations, Plaintiff cannot succeed on a claim under the NYSHRL, ADA, or Rehabilitation Act. Accordingly, such claims warrant dismissal.

Plaintiff alleges that a June 27, 2024, reasonable accommodation request for an iPad was denied. (Id. at ¶¶ 57-65) Specifically, she alleges that she requested the iPad but was informed she had not received the proper approvals before filing the request for the technology. (Id.) Plaintiff concedes she was informed that the ticket would be reopened once she obtained the proper approvals. (Id.) Plaintiff does not allege that she ever obtained the approvals before filing the request, or that she sought them and was denied. Plaintiff does not allege other individuals received iPads despite not having the required approvals. Plaintiff does not allege the requirement to have an approval for technology before receiving an iPad is somehow inherently discriminatory.

In sum, Plaintiff concedes the policy at NYSDOT was that, prior to requesting an iPad as a reasonable accommodation, an employee was required to obtain a technology approval, and she also concedes she did not follow the policy. Accordingly, based on Plaintiff's own pleading, she cannot make out a claim under the NYSHRL, ADA, or Rehabilitation Act.

## V.   Conclusion

Plaintiff's ADA and NYHRL claims should be dismissed, or, in the alternative, all claims under the ADA and NYHRL which accrued prior to October 20, 2022, should be dismissed. All claims under the Rehabilitation Act accruing prior to December 20, 2021, should be dismissed, and Plaintiff should not be permitted to seek punitive or special damages under the Rehabilitation Act claim. Plaintiff's claims pertaining to the alleged reasonable accommodation denials should be dismissed.

Dated: January 22, 2026

        LETITIA JAMES
        Attorney General for the State of New York
        *Attorney for Defendant*

        *s/Hillel Deutsch*
        HILLEL DEUTSCH
        Assistant Attorney General of Counsel
        NYS Office of the Attorney General
        144 Exchange Boulevard, Suite 200
        Rochester, New York 14614
        Telephone:  (585) 546-7430
        Hillel.deutsch@ag.ny.gov

## CERTIFICATE OF SERVICE

I certify that on January 22, 2026, I electronically filed the foregoing Memorandum of Law on behalf of Defendant with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. Andrew Rozynski
   Eisenberg & Baum, LLP
   24 Union Square East
   Penthouse
   New York, NY 10003
   212-353-8700

        LETITIA JAMES
        Attorney General of the State of New York
        Attorney for Defendant

        *s/ Hillel Deutsch*
        HILLEL DEUTSCH
        Assistant Attorney General of Counsel
        NYS Office of the Attorney General
        144 Exchange Boulevard, Suite 200
        Rochester, New York 14614
        Telephone: (585) 546-7430
        hillel.deutsch@ag.ny.gov