UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEZLIE BUTTON,

                        Plaintiff,

                     -vs-

NEW YORK STATE DEPARTMENT
OF TRANSPORTATION,

                        Defendant.

_____

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT IN PART**

24-CV-6739

## I.      Preliminary Statement

Defendant moved for dismissal in part on three grounds: 1) Plaintiff's claims under the NYSHRL are inappropriate, 2) Plaintiff should be barred from seeking emotional damages, and 3) Claims under the Rehabilitation Act which accrued prior to December 20, 2021, are time-barred. Plaintiff subsequently opposed the motion in part, but conceded the first point and has withdrawn any claims under the NYSHRL. (ESF 19, p. 6). Accordingly, this Reply will address only the Second and Third grounds for dismissal in part raised in the Motion.

## II.      Argument

A. <u>Plaintiff is Not Entitled to Non-Contractual Damages Under Her Rehabilitation Act Claim</u>

Both the Supreme Court and the Second Circuit have explicitly held that damages under Section 504 of the Rehabilitation Act are limited to the usual remedies available to contracting parties in a private suit; damages for emotional distress are not available. <u>Doherty v. Bice</u>, 101 F.4th 169, 174 (2d Cir. 2024)(holding emotional damages unavailable under the ADA and Rehabilitation Acts)(<u>citing</u> <u>Cummings v. Premier Rehab Keller, P.L.L.C.</u>, 596 U.S. 212, 142 (2022).

Plaintiff seeks damages for "damages for emotional pain, suffering, mental anguish, and loss of enjoyment of life." (ECF 16 p. 31). Plaintiff is prohibited from seeking such damages in connection with her Rehabilitation Act claims, and all claims for damages other than nominal damages and economic damages pertaining to difference in pay due to alleged failure to promote should be struck. Defendants are not, as Plaintiff suggests, asking the Court to strike the Amended Complaint, merely the portion of the Prayer for Relief seeking compensatory damages "including for emotional pain, suffering, mental anguish, and loss of enjoyment of life."

These damages are not available to Plaintiff, and if the matter is not resolved at this initial stage, significant, expensive, and intrusive discovery, including the retention of mental health experts and the production of Plaintiff's mental health records, could be necessary.

Plaintiff's argument to the contrary is somewhat difficult to parse. Plaintiff concedes that the Supreme Court and Second Circuit have barred receipt of emotional damages under Section 504 of the Rehabilitation Act, but maintains that because of her theory that emotional damages are available under 42 U.S.C. 1981a, via 42 U.S.C.S. § 2000e-5, this Court should overrule an explicit ruling of the Supreme Court of the United States. This violates *stare decisis* and should be discarded on that basis alone.

But even if the Court were inclined to overrule the Supreme Court, Plaintiff's argument fails, because it misstates 42 U.S.C. 1981a, which makes explicit reference to "section 505(a)(1) of the Rehabilitation Act of 1973" but nowhere references Section 504. As a result, the Supreme Court determined that "the statutes at issue are silent as to available remedies." Cummings v Premier Rehab Keller, P.L.L.C., 596 US 212, 220 (2022). Accordingly, courts "cannot treat federal funding recipients as having consented to be subject to damages for emotional distress." (Id. at 222). Plaintiff's convoluted argument itself proves this point. Plaintiff maintains that Section 504 of the Rehabilitation Act should be read, via the Lilly Ledbetter Act, to incorporate the portions of 42 U.S.C. 1981a which, by its silence, excludes Section 504 of the Rehabilitation Act. This flawed logic cannot have put Defendant agency on notice that when it was accepting federal funds, it was consenting to be sued for emotional damages, particularly when the Supreme Court had ruled explicitly to the contrary.

As the Supreme Court has explicitly and repeatedly held, any damages unavailable under contract law are unavailable under Section 504 of the Rehabilitation Act. (Id. at 220-221, citing Barnes v Gorman, 536 US 181, 185-187 (2002)). Indeed, in describing available remedies, the Court singled out "two such remedies: compensatory damages and injunctions." (Id. at 222). Plaintiff has identified nothing in the Supreme Court's decision, or in the jurisprudence of the Second Circuit, suggesting emotional damages, or anything other than compensatory damages and injunctions, are permitted. Accordingly, all damages other than compensatory damages should be struck from the Amended Complaint.

B.  Time-Barred Claims Under the Rehabilitation Act Warrant Dismissal

The statute of limitations under the Rehabilitation Act is three years. Lombardi v. Choices Women's Med. Ctr., Inc., No. 15 CV 5542 (DLI) (CLP), 2017 U.S. Dist. LEXIS 11935, at *9 (E.D.N.Y. Jan. 26, 2017). Plaintiff filed the instant suit on December 20, 2024. Accordingly, any causes of action accruing prior December 20, 2021, warrant dismissal.

Plaintiff raises two arguments in opposition; that the incidents alleged which predate December 20, 2021, are needed to provide context, and that the claims are independently preserved under 42 U.S.C. § 2000e–5(e)(3)(A).[1]

Defendants do not dispute Plaintiff's right to include in the Amended Complaint facts preceding December 20, 2021, and do not seek to have them struck. However, Plaintiff is barred from seeking damages for any such incidents. Plaintiff suggests that the continuing violation doctrine applies, but fails to support this claim with any caselaw within this Circuit, while noting that the Second Circuit has explicitly held that prior denials of requests for reasonable accommodations do not give rise to a continuing violation. Elmenayer v ABF Frgt. Sys., 318 F3d 130, 134-135 (2d Cir 2003). Plaintiff attempts to distinguish Elmenayer by arguing that it addressed an accommodation that would have been provided on a weekly basis, while Plaintiff's sought and rejected accommodations affected her on a daily basis. This is a distinction without a difference, and Plaintiff points to no caselaw suggesting otherwise.

---

[1] While Plaintiff also devotes a section to exhaustion of administrative remedies, no such argument was raised in the Motion.

Indeed, this case provides a paradigm example of why the Statute of Limitations exists. Plaintiff has been employed at NYSDOT since 2006. (ECF 19 ¶ 21) Plaintiff maintains she was subject to denial of accommodations since "*at least* 2018". (Id. ¶ 25, Emphasis added). If Plaintiff's theory were to be accepted, then a showing that in 2006 she had requested an accommodation which was denied would entitle her to file suit twenty years later, so long as the accommodation was for something that affected her daily work. This is precisely the situation a Statute of Limitations is in place to prevent. Plaintiff cites no case law suggesting her theory has ever been accepted, and the Second Circuit has explicitly rejected it.

### III.    Conclusion

All claims under the Rehabilitation Act accruing prior to December 20, 2021, should be dismissed, and Plaintiff should not be permitted to seek money damages other than economic and nominal damages.

Dated: April 20, 2026

LETITIA JAMES
Attorney General for the State of New York
*Attorney for Defendant*


*s/Hillel Deutsch*
HILLEL DEUTSCH
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone:  (585) 546-7430
Hillel.deutsch@ag.ny.gov

# CERTIFICATE OF SERVICE

I certify that on April 20, 2026, I electronically filed the foregoing Reply Memorandum of Law on behalf of Defendant with the Clerk of the District Court using CM/ECF system, which sent notification of such filing to the following:

1. Andrew Rozynski
   Eisenberg & Baum, LLP
   24 Union Square East
   Penthouse
   New York, NY 10003
   212-353-8700

LETITIA JAMES
Attorney General of the State of New York
Attorney for Defendant

*s/ Hillel Deutsch*

HILLEL DEUTSCH
Assistant Attorney General of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard, Suite 200
Rochester, New York 14614
Telephone: (585) 546-7430
hillel.deutsch@ag.ny.gov